IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**WAYNE M. ALLEN,**

    **Plaintiff,**

v.                                              CIVIL ACTION NO. 2:07-cv-00079

**Michael J. Astrue,**
**Commissioner of Social Security[1],**

    **Defendant.**

### PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Claimant's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the court is Defendant's Motion to Dismiss Plaintiff's Complaint. (Docket # 8.) Plaintiff filed a response on August 16, 2007. (# 13.)

The Commissioner seeks dismissal of Plaintiff's Complaint on the ground that it was filed on February 5, 2007, twenty-eight days

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Under Fed. R. Civ. P. 25(d)(1) and 42 U.S.C. § 405(g), Michael J. Astrue is automatically substituted as the defendant in this action.

after the time for instituting a civil action expired.  Thus, the Commissioner asserts Plaintiff did not comply with 42 U.S.C. § 405(g).  In addition, the Commissioner argues that there are no circumstances that justify equitable tolling of the 60-day requirement of 42 U.S.C. § 405(g).

In his response, Plaintiff asserts that on February 2, 2007, his counsel faxed to the Appeals Council, a request for extension of time in which to file the federal court appeal.  On April 20, 2007, the Appeals Council extended the time within which a civil action could be filed for thirty days.  Plaintiff's counsel received the April 20, 2007, letter from the Appeals Council on April 23, 2007.  On this basis, Plaintiff's counsel asserts that Defendant's Motion should be dismissed as moot.

The court makes the following findings of fact:

1. Plaintiff filed an application for SSI on May 16, 2003.

2.  Plaintiff's claim proceeded through the administrative process, his claim was denied by an Administrative Law Judge and on November 3, 2006, the Appeals Council denied Plaintiff's request for review.

3.  The November 3, 2006, notice informed Plaintiff of his right to commence a civil action within sixty days from the date of receipt of the notice.

4. On February 3, 2007, Plaintiff's counsel faxed the Appeals Council a request for an additional thirty days, or until March 3,

2007, within which to file the complaint in federal court. (# 13-3, p. 2.)

    5. Plaintiff's counsel explained that the complaint had not been filed earlier because of an abrupt change in office staff. (# 13-3, p. 2.)

    6. On February 5, 2007, Plaintiff filed the instant action. (# 2.)

    7. On April 20, 2007, the Appeals Council granted Plaintiff's request for an extension and directed that Plaintiff's complaint was due thirty days from the date he received the Appeals Council's letter. (# 13-4, pp. 1-2.)

Turning to the substance of Defendant's Motion, judicial review of a determination made by the Commissioner of Social Security is controlled by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

The court proposes that the presiding District Judge find that

Plaintiff's complaint was filed in a timely manner in light of the extension of time granted by the Appeals Council.

For the reasons set forth above, it is hereby respectfully RECOMMENDED that the District Court DENY the Defendant's Motion to Dismiss Plaintiff's Complaint.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable David A. Faber.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

    September 19, 2007                    *Mary E. Stanley*
                                      Mary E. Stanley
       Date                              United States Magistrate Judge